## DECLARATION OF DAVID MENNINGER

I, David Menninger, declare as follows:

1. I am an attorney with the Office of the Federal Public Defender for the Central District of California. I am over the age of 18 and have personal knowledge of the following facts.

2. To the best of my knowledge, in the following recent cases in the Central District of California defendants charged with immigration-related offenses were released on bond, remained released throughout the pendency of the criminal proceeding, and appeared for sentencing:

    a. *United States v. Olga Cervantes*, CR 09-469-DSF, CR 16-469-DSF
    b. *United States v. Jose Rodriguez-Bolanos*, CR 17-298-PA
    c. *United States v. Juan Carlos Valadez-Munoz*, CR 17-702-RGK
    d. *United States v. Raul Rodriguez-Vera*, CR 15-555-FMO
    e. *United States v. Jorge Maya-Flores*, CR 16-187-ODW
    f. *United States v. Eduardo Hernandez*, CR 15-26-JGB
    g. *United States v. Juan Manuel Martinez-Gonzalez*, CR 14-739-RGK
    h. *United States v. Karina Sevilla*, CR 14-72-PA
    i. *United States v. Julian Martinez-Ibarra*, CR 17-93-JFW
    j. *United States v. Juan Manuel Escobar*, CR 15-300-RGK

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 20, 2018, at Los Angeles, California.

DAVID MENNINGER

**EXHIBIT 1**

1

## DECLARATION OF MILES POPE

I, Miles Pope, hereby state under penalty of perjury that the following facts are true and correct to the best of my knowledge:

1. I am a licensed attorney and an active member of the State Bar of Alaska. I currently work as an assistant federal defender in Spokane, Washington.

2. In my work as an assistant federal defender, I have represented many noncitizens charged with illegal reentry under 8 U.S.C. § 1326.

3. In the Eastern District of Washington, where I currently practice, it is my experience that noncitizens charged with immigration-related crimes are generally released from criminal custody while their case is pending. When this occurs, Immigration and Customs Enforcement ("ICE") does not immediately take them into custody and deport them. Rather, the noncitizen is permitted to remain at large in the community, without an ankle monitor or any other form of electronic monitoring, until the criminal case is completed. Once the criminal case is completed, ICE will then take the noncitizen into custody and initiate removal proceedings.

4. In my experience practicing in the Eastern District of Washington, noncitizens charged with immigration-related crimes are treated exactly like anybody else charged with a federal crime. If the court concludes that they are

entitled to pretrial release under the Bail Reform Act, then they are released and permitted to remain in the community on conditions.

5. I am only aware of one case where ICE immediately deported a noncitizen who had been released pending his prosecution for an immigration-related crime.

6. By contrast, I am aware of at least 7 defendants represented by my office who were released into the community without any form of ankle or electronic monitoring, and who all either fully complied—or are currently in compliance—with their conditions of release.

7. I personally represent three of these noncitizens during their criminal proceedings. These three were released on their own recognizance without posting a cash or property bond. They are still living in the community, attending their court proceedings, and are in regular touch with me.

I hereby state that these facts are true and correct to the best of my knowledge.

9-26-18
Date

Miles Pope
Alaska Bar #1508066
Federal Public Defender
Eastern District of Washington
10 North Post Street
Suite 700
Spokane, WA 99201

2

# DECLARATION OF SARA BRIN

I, Sara Brin, hereby state under penalty of perjury that the following facts are true and correct to the best of my knowledge:

1. I am a licensed attorney and an active member of the State Bar of Washington. I previously worked as an assistant federal defender in San Diego, California, and currently work as an assistant federal defender in Seattle, Washington.

2. In my work as an assistant federal defender, I have represented many noncitizens charged with illegal entry under 8 U.S.C. § 1325 and illegal reentry under 8 U.S.C. § 1326.

3. In the Western District of Washington where I currently practice, it is my experience that defendants with ICE detainers can be released from criminal custody while their case is pending. When this occurs, Immigration and Customs Enforcement ("ICE") does not immediately take them into custody and deport them. Rather, the defendant is permitted to remain at large in the community on an ankle monitor until the criminal case is completed. In my experience, once the criminal case is completed, ICE will then take the defendant into custody and initiate removal proceedings.

4. I am aware of at least six defendants represented by my office in which this occurred. All six were released into the community on ankle monitors.

1

To the best of my knowledge, all six fully complied with or remain in compliance with their conditions of release as of the date this declaration was signed.

5. I personally represented or represent four of these defendants during their criminal proceedings. All four were released on their own recognizance without posting a cash or property bond. Three of these individuals are still living in the community and are being supervised by Pre-Trial Services. The fourth individual had his case dismissed, and ICE took him into administrative custody the following day.

I hereby state that these facts are true and correct to the best of my knowledge.

9/19/2018
Date

Sara Brin
Washington Bar # 52476
Assistant Federal Public Defender
Western District of Washington
1601 Fifth Ave., Suite 700
Seattle, WA 98101

## DECLARATION OF RACHEL NATHANSON

I, Rachel Nathanson, hereby state under penalty of perjury that the following facts are true and correct to the best of my knowledge:

1. I am a licensed attorney and an active member of the State Bar of New Mexico. I currently work as an Assistant Federal Public Defender in Las Cruces, New Mexico.

2. In my work as an Assistant Federal Public Defender, I have represented many noncitizens charged with illegal entry under 8 U.S.C. § 1325 and illegal reentry under 8 U.S.C. § 1326.

3. In the District of New Mexico, where I currently practice, I recently represented a noncitizen charged with an immigration-related offense. Although he was released on a criminal bond, Immigration and Customs Enforcement ("ICE") did not take him into custody and deport him. Rather, he lived with his family during the pendency of his criminal case and eventually pleaded guilty to a lesser offense. During this client's criminal proceedings, he attended all court hearings and fully complied with the conditions of his release.

I hereby state that these facts are true and correct.

_9/19/2018_
Date

Rachel Nathanson
New Mexico Bar #145713
Federal Public Defender
506 S. Main
Suite 400
Las Cruces, NM 88001