UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA § 
§
V. § CASE NO. 3:19cr136-DPJ-FKB
§
LUCRECIA GARRIL-LOPEZ §

## MEMORANDUM IN SUPPORT OF MOTION FOR BOND

TO THE HONORABLE F. KEITH BALL, UNITED STATES MAGISTRATE JUDGE FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI, NORTHERN DIVISION:

NOW COMES Defendant Lucrecia Garril-Lopez, by and through undersigned counsel,

Omodare B. Jupiter, the Federal Public Defender, and asks the Court to grant her bond. This

memorandum will be supplemented by evidence and testimony at the detention hearing

scheduled for later this week.

"In our society liberty is the norm, and detention prior to trial or without trial is the

carefully limited exception." *United States v. Ailon-Ailon,* 875 F.3d 1334, 1336 (10th Cir. 2017)

(quoting *United States v. Salerno*, 481 U.S. 739, 755 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).

Defendants should presumptively be released on "personal recognizance" or "upon execution of

an unsecured appearance bond[.]" 18 U.S.C. § 3142(b). This Court may release a defendant

under more stringent conditions only if this Court determines that "such release will not

reasonably assure the appearance of the person or will endanger the safety of any other person or

the community." *Id.*

## I.     Ms. Garril-Lopez's background supports a grant of bond.

Ms. Garril-Lopez has strong family ties to the United States and deep roots in the community. She has lived in Forest, Mississippi for a number of years and has three children ages 12, 10, and 5, and well as siblings and neighbors who have offered to assist her with bond. Furthermore, Ms. Garril-Lopez is currently working with an immigration advocate named Dahlia Reynosa, who is traveling from Texas this week to assist Ms. Garril-Lopez in obtaining lawful status in the United States. And because Ms. Garril-Lopez has no history of any violent criminal activity, she poses neither a flight risk, nor a danger to the community.

## II.    Ms. Garril-Lopez's immigration status is not a bar to her release under the Bail Reform Act.

The Bail Reform Act applies to every defendant charged with a federal crime, regardless of immigration status. It is therefore impermissible for a court to detain a defendant based solely on the allegation that they are an immigrant without legal status in the United States or because ICE has placed an immigration detainer on them. *See United States v. Santos-Flores*, 794 F.3d 1088 (9th Cir. 2015) (finding the district court "erred in relying on the existence of an ICE detainer and the probability of [the defendant's] immigration detention and removal from the United States to find that no conditions or combination or conditions will reasonably assure Santos-Flores's appearance"). The Bail Reform Act ("BRA") requires that all persons charged with a federal crime be given an individualized determination of release or detention by a judicial officer who is required to consider the factors set out in 18 U.S.C. § 3142. The BRA does *not* exclude deportable noncitizens from consideration for release in criminal proceedings. *See* 18 U.S.C. §§ 3142(a)(3) and (d); *see also United States v. Brown*, 2017 WL 3310689, *3

(D.N.D. July 31, 2017) (noting that §3142(g) "does not even mention a defendant's alienage or whether there is an ICE detainer, much less make them presumptive factors").

"An immigration removal order does not create a serious risk that a defendant will flee, and the likelihood of a defendant's deportation is not among the Section 3142(g) factors that the Court may consider." *United States v. Martinez-Patino*, No. 11 CR 064, 2011 WL 902466, at *6 (N.D. Ill. Mar. 14, 2011); *United States v. Brown*, Case No. 4-15-cr-102, 2017 WL 3310689 (D.N.D. July 31, 2017) (rejecting the government's argument to deny bond based on an ICE detainer as a denial of the "individualized determination of release or detention based upon consideration of the § 3142 factors" and noting that this argument, if accepted would mean "the decision as to release or detention effectively becomes ICE's").

Ms. Garril-Lopez asks this Court to consider her request for bond as it would in the case of any other defendant, despite the illegal reentry charge pending. With effective supervision by the U.S. Probation Office, the risk of flight in this § 1326 case is extremely low. Immigration status is not a reason to detain individuals under the Bail Reform Act—indeed, the only provision of the Bail Reform Act that addresses immigration status is § 3142(d)(2), which requires a ten-day hold to notify immigration officials only *if* the individual "may flee or pose a danger" to a person or the community. But that provision does not apply here because: (1) Defendant is not a flight risk or a danger to the community, and (2) even if he were, the "appropriate official" from Immigration and Customs Enforcement has already been notified. Because these requirements are met, the law mandates that Defendant "*shall* be treated in accordance" with other provisions of the Bail Reform Act just like any other defendant. 18 U.S.C. § 3142(d) (emphasis added).

**III.  Similarly situated defendants have been released on bond across the country.**

Across the country, federal judges are increasingly recognizing that the government cannot meet its burden to show that a defendant is a danger or a flight risk by pointing to immigration status alone. One recent decision from the Chief Judge of the District Court of Alabama demonstrates this very trend. In *United States v. Espinoza-Ochoa*, Chief Judge Marks upheld the magistrate judge's decision to grant bond to a woman charged with illegal reentry under § 1326 and two counts of making a false statement in violation of 18 U.S.C. § 1001. 371 F. Supp. 3d 1018, 1020 (M.D. Ala. 2019). The magistrate judge found that the defendant had "significant ties to the community," and that "the mere fact that [she] may be here illegally in and of itself was insufficient to conclude that she was a risk of flight." *Id.* at 1021.

The government appealed, arguing that it could not ensure that she would appear for court "due to the administrative deportation proceedings initiated by ICE." *Id.* at 1022. But Chief Judge Marks upheld the granting of bond, noting that the risk of non-appearance "must involve an element of violation" and that "[a]ny risk of non-appearance in this case was created by the United States and its executive arms, not by the defendant." *Id.* Chief Judge Marks further noted that the Bail Reform Act "does not create a rebuttable presumption that removable aliens should be detained" because "[t]aking the government's position to its logical conclusion, no defendant charged with being an illegal alien or a deportable alien would be eligible for bail under the Bail Reform Act." *Id.* Chief Judge Marks further noted that "[t]he government cannot now seek to avoid the very jurisdiction it sought by circumventing the Bail Reform Act by way of the Immigration and Nationality Act," because "[o]nce an Article II governmental authority invokes the Court's Article III jurisdiction over a criminal defendant, the executive agency must cede

control of the Defendant to the Article III Court while the case against the defendant is pending." *Id.* at 1023-24.

In addition to Chief Judge Marks's decision, federal judges across the country are increasingly denying prosecutors' motions to detain noncitizens on the mere basis of immigration status. The following federal cases represent just a sample of cases where non-citizen defendants were released on bond pending trial:

- *United States v. Ailon-Ailon*, 875 F.3d 1334 (10th Cir. 2017) (defendant charged with § 1326)

- *United States v. Villatoro-Ventura,* 330 F.Supp.3d 1118 (N.D. Iowa 2018) (defendant charged with § 1326)

- *United States v. Alejo,* 2018 WL 3715764 (W.D. VA 2018) (defendant charged with § 1326)

- *United States v. Avelarea-Padilla*, 2018 WL 8899334 (N.D. Ohio 2018) (defendant charged with § 1326)

- *United States v. Xulam*, 84 F.3d 441 (D.C. Cir. 1996) (defendant charged with making a false statement in a passport application)

- *United States v. Hernandez*, 747 F. Supp. 846 (D. Puerto Rico 1990) (defendant charged with § 1326)

- *United States v. Chavez-Rivas*, 536 F. Supp. 2d 962 (E.D. Wis. 2008) (defendant charged with § 1326)

- *United States v. Montoya-Vasquez*, 2009 WL 103596 (D. Nebraska Jan. 13, 2009) (defendant charged with alien in possession of a firearm and had two misdemeanor driving offenses on his record)

- *United States v. Barrera-Omana*, 638 F. Supp. 2d 1108 (D. Minn. 2009) (non-citizen charged with possession to distribute approximately one kilogram of cocaine)

- *United States v. Villanueva-Martinez*, 707 F. Supp. 2d 855 (N.D. Iowa 2010) (defendant charged with making a false claim to U.S. citizenship and misuse of a social security number)

- *United States v. Jocol-Alfaro*, 840 F. Supp. 2d 1116 (N.D. Iowa 2011) (two defendants charged with making false claim to U.S. citizenship, using false social

security numbers, and fraudulently using state-issued identification cards to obtain employment in the United States)

- *United States v. Martinez-Patino*, No. 11-CR-064, 2011 WL 902466 (N.D. Ill. Mar. 14, 2011) (defendant charged with § 1326)

- *United States v. Rangel,* 318 F. Supp. 3d 1212 (E.D. Wash. 2018) (non-citizen present in the U.S. unlawfully charged with distribution of methamphetamine)

- *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167 (D. Or. 2012) (defendant charged with § 1326)

- *United States v. Blas*, 2013 WL 5317228 (S.D. Ala. Sept. 20, 2013) (defendant charged with § 1326)

- *United States v. Clemente-Rojo*, 2014 WL 1400690 (D. Kansas Apr. 10, 2014) (defendant charged with § 1326)

- *United States v. Resendiz-Guevara*, 145 F. Supp. 3d 1128 (M.D. Fla. 2015) (defendant charged with § 1326)

- *United States v. Lizardi-Maldonado*, 275 F. Supp. 3d 1284 (D. Utah 2017) (defendant charged with § 1326)

- *United States v. Ventura*, 2017 WL 5129012 (E.D.N.Y. Nov. 3, 2017) (defendant charged with § 1326, transferred to ICE custody after posting bond. Court ordered ICE to release him or dismiss the indictment with prejudice)

- *United States v. Galista*, No. 17-CR-324, Dkt. No. 30 (S.D.N.Y. July 2, 2017) (defendant charged with § 1326 and making a false statement)

- *United States v. Boutin*, 269 F. Supp. 3d 24 (E.D.N.Y. 2017) (defendant illegally present in the United States charged with attempted money laundering and theft of public property)

- *United States v. Hernandez-Bourdier*, 2017 WL 56033 (W.D. Pa. Jan. 5, 2017) (defendant illegally present in the U.S. charged with conspiracy to distribute one kilogram or more of heroin and possession to distribute one kilogram or more of heroin)

- *United States v. Argueta-Espinoza*, 2018 WL 4492226 (D. Neb. Sept. 19, 2018) (defendant charged with identity theft)

- *United States v. Adomoko*, 150 F. Supp. 2d. 1302 (M.D. Florida 2001) (defendant charged with false statement in applying for a U.S. passport)

Furthermore, federal defenders from various districts across the country report that their § 1326 clients who are released on bond do regularly appear for their criminal proceedings. *See* Exhibit 1, Declarations from Federal Defenders. Indeed, one assistant federal defender in the Central District of California provided a list of all his § 1326 clients who were released on bond and later appeared for sentencing:

- United States v. Olga Cervantes, CR 09-469-DSF,CR 16-469-DSF

- United States v. Jose Rodriguez-Bolanos, CR 17-298-PA

- United States v. Juan Carlos Valadez-Munoz, CR 17-702-RGK

- United States v. Raul Rodriguez-Vera, CR 15-555-FMO

- United States v. Jorge Maya-Flores, CR 16-187-0DW

- United States v. Eduardo Hernandez, CR 15-26-JGB

- United States v. Juan Manuel Martinez-Gonzalez, CR 14-739-RGK

- United States v. Karina Sevilla, CR 14-72-PA

- United States v. Julian Martinez-Ibarra, CR 17-93-JFW

- United States v. Juan Manuel Escobar, CR 15-300-RGK

*See* Exhibit 1.

Defendants such as Ms. Garril-Lopez who were arrested in the recent ICE raids display even *stronger* ties to the community than many of these defendants. Having worked in local meat-processing plants for years, these defendants have longstanding family ties, own property, attend church, have children in local schools, and have every incentive to remain in the community. These ties are even more compelling given that many defendants may have a means of remaining in the United States legally pursuant to a U visa (8 C.F.R. § 214.14), a claim to withholding of removal or protection under the Convention Against Torture (8 U.S.C.

§ 1231(b)(3) and 8 C.F.R. § 208.18), or the possibility of reopening their prior removal orders (8 U.S.C. § 1229a(c)(7)). Ms. Garril-Lopez is no exception, as she has three children, numerous family and friends in the community, and the assistance of an immigration to help her obtain lawful status in the United States.

## IV.    Conclusion

Ms. Garril-Lopez's background demonstrates that she is a responsible, hard-working person with substantial ties to the community who has every incentive to appear for future criminal proceedings. The Court should not deny Ms. Garril-Lopez bond based on her immigration status alone but should follow the lead of judges across the country who are making individualized determinations of whether a particular person presents a flight risk or a danger to the community. Because Ms. Garril-Lopez presents neither, she requests that this Court set bond in her case.

Respectfully submitted.


*Omodare B. Jupiter*
**Omodare B. Jupiter** (Miss. Bar # 102054)
Federal Public Defender
N. and S. Districts of Mississippi
200 S. Lamar St., Suite 200 North
Jackson, Mississippi 39201
Telephone: (601)948-4284
Facsimile: (601)948-5510
Email:  omodare_jupiter@fd.org

Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2019, I electronically filed the foregoing Motion for Bond and Memorandum in Support and accompanying exhibits with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

AUSA

*s/Omodare B. Jupiter*
Federal Public Defender